UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 12-80430-CIV-MARRA

VERONA EBANKS,

       Plaintiff,

vs.

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC and VERIZON
WIRELESS,

       Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Samsung Telecommunications America,

LLC's Motion to Dismiss for Insufficient Service of Process or, Alternatively, to Dismiss for Failure

to State a Cause (DE 17); and Defendant Cellco Partnership d/b/a Verizon Wireless' Motion to

Dismiss "Plaintiff, Verona Ebanks' Re-filing of Complaint Against the Defendant," or in the

Alternative, Motion for More Definite Statement and to Strike (DE 19). Plaintiff responded to both

motions. (DE 30; DE 31). Defendants replied. (DE 32; DE 33). The Court has reviewed the briefs

and the record, and is otherwise advised in the premises.

## I. Background

Plaintiff Verona Ebanks filed a *pro se* complaint on April 24, 2012, seeking relief for injuries

she allegedly suffered from a defective cell phone. (DE 1).[1] Defendant Samsung and Defendant

Verizon separately moved to dismiss Plaintiff's complaint: Samsung on grounds of insufficient

---

[1] Plaintiff attempted to serve Defendant Samsung by serving Samsung's counsel at its White Plains, New York offices. (DE 4).

service of process, failure to state a claim, and preemption (DE 8); Verizon on grounds of lack of subject matter jurisdiction and failure to state a claim (DE 10). After the Court ordered Plaintiff to respond to Defendants' motions, Plaintiff successfully sought leave to amend her complaint. (DE 13). Rather than filing one amended complaint, however, Plaintiff filed two. (DE 14; DE 15).[2] Defendants moved to dismiss Plaintiff's amended complaints on the same grounds as before. (DE 17; DE 19).

After the Court again ordered Plaintiff to respond to Defendants' motions (DE 22; DE 23), Plaintiff successfully sought leave for an extension of time to respond to Defendants' motions and to seek legal counsel. (DE 24; DE 25; DE 28). Plaintiff acquired counsel, and her counsel entered an appearance on October 19, 2012, (DE 29). Plaintiff responded to Defendants' motions that day (DE 30; DE 31). Defendants timely replied. (DE 32; DE 33). For the reasons that follow, Defendants' motions to dismiss are granted.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

---

[2] Plaintiff's amended complaints appear to be directed at each defendant individually, i.e., one complaint is directed at Defendant Samsung (DE 15), the other complaint is directed at Defendant Verizon (DE 14).

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

### III. Analysis

Defendant Samsung moves to dismiss Plaintiff's amended complaint for insufficient service of process and failure to state a claim. Plaintiff responds by arguing that she properly effected service and that her amended complaints, which were filed before Plaintiff retained counsel, sufficiently state a cause of action. Alternatively, Plaintiff seeks leave to amend. Because Samsung does not oppose Plaintiff's request for leave to amend, the Court only addresses whether Plaintiff properly effected service.

Federal Rule of Civil Procedure 4(h) states, in pertinent part:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . that is subject to suit under a common name[] must be served:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by

statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Plaintiff does not allege that she effected service in the manner prescribed by Rule 4(e)(1) for serving an individual.[3] Rather, the extent of Plaintiff's argument regarding service is that Samsung's counsel sent her a letter that led Plaintiff to "reasonably believe[] that Samsung's counsel was authorized to accept service of process on behalf of Samsung." (DE 30 at 2). In assessing properly effected service, however, Plaintiff's "reasonable belief" is irrelevant. *See Wilson v. Arizona Classic Auto*, 09-80344-CIV, 2009 WL 3762983, at \*1–\*3 (S.D. Fla. Nov. 10, 2009).

Defendant Samsung's motion states that "[a]s a member in good standing with the Florida Bar and this Court, the undersigned counsel hereby affirms by signature below and under the penalty of perjury that [the law firm Plaintiff served] is not the registered agent of [Samsung], nor is any lawyer within [the firm] an officer of the Defendant or otherwise authorized to accept services of process on [Samsung's] behalf." (DE 17 at 2). Thus, the Court finds that Plaintiff's service must be quashed. Plaintiff may attempt to re-serve Defendant Samsung within 90 days of the date of entry of this Order.

Defendant Verizon moves to dismiss Plaintiff's claim for, among other things, lack of subject matter jurisdiction. Plaintiff responds by suggesting that the Court has jurisdiction under 28. U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00. Plaintiff may be correct, but the Court is unable to make that determination based on the face of Plaintiff's amended complaints.

---

[3] Rule 4(e)(1) provides that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." The relevant state law here is Florida Statute § 48.081.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Cellco Partnership d/b/a Verizon Wireless' Motion to Dismiss "Plaintiff, Verona Ebanks' Re-filing of Complaint Against the Defendant," or in the Alternative, Motion for More Definite Statement and to Strike (DE 19) is **GRANTED** for lack of subject matter jurisdiction. Plaintiff's Amended Complaint (DE 14) is **DISMISSED without prejudice.** Defendant Samsung Telecommunications America, LLC's Motion to Dismiss for Insufficient Service of Process or, Alternatively, to Dismiss for Failure to State a Cause (DE 17) is also **GRANTED** for insufficient service of process. Plaintiff's Amended Complaint (DE 15) is **DISMISSED without prejudice.** Plaintiff shall file a single operative amended complaint that sufficiently sets forth the grounds for this Court's jurisdiction and complies with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. Plaintiff may attempt to re-serve Defendant Samsung within 90 days of the date of entry of this Order. Defendants may renew their motions to dismiss once Plaintiff files an amended complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of February, 2013.

_____
KENNETH A. MARRA
United States District Judge